· Law Library

FILED
FOR COURT

2012 APR -3 PM 4: 30

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

In the Appeal of TOWN HOUSE
DEPARTMENT STORES, INC., dba
ISLAND BUSINESS SYSTEMS &
SUPPLIES,

By TOWN HOUSE DEPARTMENT
STORES, INC., dba ISLAND BUSINESS
SYSTEMS & SUPPLIES,

                      Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

SPECIAL PROCEEDINGS CASE NO.
SP0050-11

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on re-assignment, upon which the Court conducted a review of the file and the "Complaint and Appeal of Decision by the Office of the Public Auditor" (hereinafter "Complaint and Appeal") filed in this case. Attorney James M. Maher represents the "Appellant," Attorney Laura J. Mooney represented the Guam Department of Education (hereinafter "DOE"), and the firm of Carlsmith Ball, LLP represents Xerox Corporation. The Court now issues the following Decision and Order on the matter presented on review.

//

//

## PROCEDURAL BACKGROUND

On May 3, 2010, DOE issued Invitation for Bid No. 006-2010 (hereinafter "the first IFB"). In the Appeal of Town House Department Stores, dba Island Business Systems & Supplies, Special Proceedings Case No. SP0050-11, Complaint and Appeal of Decision by the Office of the Public Auditor, p. 2, ¶ 6. The Appellant submitted a proposal for the first IFB, as did Xerox Corporation (hereinafter "Xerox") however, DOE did not immediately select any of the bidders as the most qualified offeror for the first IFB. Id. at p. 3, ¶¶ 12 and 13. On or about September 2, 2010, the Appellant lodged a protest with DOE regarding the pending selection of the most qualified offeror, complaining that DOE was in violation of 5 GCA § 5211(g), which requires a contact to be awarded with reasonable promptness after bidding. Id. at p. 3, ¶ 11 and p. 4, ¶ 14. DOE did not decide the protest and issued another Invitation for Bid No. 022-2010 on September 10, 2010 (hereinafter "the second IFB"), regarding similar services to the first IFB. Id. at p. 4, ¶¶ 14 and 15. On October 18, 2010, the Appellant appealed DOE's failure to resolve its protest of the first IFB to the Office of Public Accountability (hereinafter "the Public Auditor"), who held that DOE must issue a decision on the matter. Id. at p. 4, ¶¶ 15 and 16.

The protest was denied by DOE on November 23, 2010. Id. at p. 4, ¶17. On November 28, 2010, the Appellant appealed the denial of its protest to the Public Auditor. Id. at p. 4, ¶ 19. The appeal was captioned "In the Appeal of Town House Department Stores, Inc., dba Island Business Systems and Supplies," and filed as Appeal No. OPA-PA-10-010. Id., Exhibit A. During the pendency of the appeal to the Public Auditor, DOE filed a "Motion to Lift Automatic Stay to Proceed with Award to Appellant of Items #1 & #3 in IFB-006-2010." The Public Auditor ruled in the Appellant's favor as to every item, however, denied DOE's motion.

The Appellant "appeals" the Public Auditor's denial of DOE's motion. The Appellant does not dispute that no contract has yet been entered between DOE and Xerox, the Appellant, or any other bidders under the first IFB issued in this case. In order to appeal the Public Auditor's denial of DOE's motion, DOE did not file the instant action, rather, the Appellant filed the "Complaint and Appeal" before this Court on April 11, 2011.

## DISCUSSION

Reserving decision on whether the Appellant has standing to appeal a denial of a motion filed by DOE, the Court will address the type, manner and method of "appeal" filed in this case, as it finds that issue is determinative. In its "Complaint and Appeal" the Appellant claims that judicial review of the Public Auditor's decision concerning a procurement protest is properly addressed by the Superior Court under 5 GCA §§ 5425(c)(2), 5480, and 5707. In the Appeal of Town House Department Stores, dba Island Business Systems & Supplies, Special Proceedings Case No. SP0050-11, Complaint and Appeal of Decision by the Office of the Public Auditor, p. 2, ¶ 6 (filed March 21, 2011).

The Supreme Court of Guam directs that "where an agency's specific legislation directs how the agency action is to be judicially reviewed, then that agency's law should govern how one is to seek judicial review of that agency's action." Carlson v. Perez, 2007 Guam 6, ¶ 59. This mandate is jurisdictional, and if a party fails to comply with the specific procedures permitting judicial review of particular claims, the Superior Court is divested of jurisdiction to hear such claims.

Under 5 GCA § 5004(b), the provisions of the Guam Procurement Law "shall apply to *every expenditure of public funds*, irrespective of their source . . . except as otherwise specified in § 5501 of this Chapter, *by this Territory, acting through a governmental body as defined*

*herein . . . .*" 5 GCA § 5004(b) (emphases added). Under 5 GCA § 5030(k), a "governmental body" is:

> . . . any Department, Commission, Council, Board, Bureau, Committee, Institution, Agency, Government Corporation, Authority or other establishment or establishment or official of the Executive Branch of the government of Guam, *except for* the Government of Guam Retirement Fund, Guam Community College, the University of Guam, *the Department of Education*, and the Guam Memorial Hospital Authority.

5 GCA § 5030(k) (emphases added).

DOE issued the IFB in this case. DOE is not a governmental body under 5 GCA § 5030(k), and therefore, under these applicability provisions, procurements made by DOE appear exempted from the provisions of the Guam Procurement Law. Interestingly, Appellant cites to no statute or case law which would make the provisions of the Guam Procurement Law controlling, with regards to procurement protests, as presented in this case.

There is some authority which indicates that portions of the Guam Procurement Law are applicable to DOE. 5 GCA § 5125 is entitled, "Application of this Chapter to Executive Branch," and states:

> *Every governmental body which is in the purview of the Executive Branch, and including* the Government of Guam Retirement Fund, Guam Community College, the University of Guam, *the Department of Education*, the Guam Memorial Hospital Authority, Guam Economic Development and Commerce Authority, and the Guam Visitor's Bureau, *shall be governed by Articles 1, 3, 6, 7, 10, 11 and 12 of this Chapter, except to the extent that any such governmental body or other above-named body may be exempted from the centralized procurement regime of Article 2 of this Chapter*, in which event the Director of each such governmental body or other above named body shall be substituted wherever there is reference to the Public Policy Office, Chief Procurement Officer or Director of Public Works in Articles 4, 5, 8 and 9 of Chapter 5 of Title 5 of the Guam Code Annotated.
> It is the intent of I Liheslaturan Guåhan [the Legislature] to require all Executive Branch governmental bodies, including autonomous agencies, and other above-named bodies, to be governed to the maximum extent practicable by Chapter 5 of Title 5 of the Guam Code Annotated. This provision requires any governmental body, and each above-named body, to conduct their procurement activities

pursuant to Chapter 5 of Title 5 of the Guam Code Annotated, except insofar as said Chapter establishes and effects a system of centralized procurement.

5 GCA § 5125 (emphases added).

Under this statute, DOE is subject to certain articles of the Guam Procurement Law, however, other articles, including Article 9, which contains the provisions regarding procurement protests and appeals to the Public Auditor, are not necessarily applicable to DOE.

Emphasizing the idea that DOE is not subject to all of the provisions of the Guam Procurement Law, DOE has its own Procurement Regulations, approved by the Twenty – Second Guam Legislature on August 19, 1994, Letter of Senator Pilar Cruz Lujan, November 30, 1994, *after* the enactment of the Guam Procurement Law on December 14, 1992.

The applicable provisions of DOE's Procurement Regulations permit a bidder to file a protest to the Director of Education. "The Director of Education shall have the authority, prior to the commencement of an action in court concerning the controversy, to settle, and resolve a protest of an aggrieved bidder, offeror, or contractor, actual or prospective, concerning the solicitation or award of a contract." DOE Procurement Regulations, Chapter 9, Legal and Contractual Remedies, Section 9.2.1.

"Protestors may file a protest on any phase of solicitation or award including, but not limited to, specifications preparation, bid solicitation, award, or disclosure of information marked confidential in the bid or offer." DOE Procurement Regulations, Chapter 9, Legal and Contractual Remedies, Section 9.2.3.2.

"If the protest is not resolved by mutual agreement, the Director of Education shall promptly issue a decision in writing. The decision shall: 1. State the reasons for the action taken; and 2. Inform the protestant of its right to administrative and judicial review." DOE Procurement Regulations, Chapter 9, Legal and Contractual Remedies, Section 9.2.7.

In part: "A decision on the protest shall be made by the Director of Education as expeditiously as possible after receiving all relevant, requested information. . . . A copy of the decision as contained in this Section shall be mailed or otherwise furnished immediately to the protestant and any other party intervening." DOE Procurement Regulations, Chapter 9, Legal and Contractual Remedies, Section 9.2.7.1.

Although all of these regulations require a procurement bid protest to be submitted to the Director of Education, none require, or even mention, an appeal from a decision of the Director of Education to the Public Auditor. In fact, the regulations omit any reference to the Public Auditor, and seem to require that any appeal be filed directly with the Superior Court of Guam. "Unless a person adversely affected by the decision commences an action in the Superior Court, a decision of the Director of Education is final in accordance with Sections 9.2.3. (Filing of Protest) through 9.2.9. (Effect of Judicial or Administrative Proceeding)." DOE Procurement Regulations, Chapter 9, Legal and Contractual Remedies, Section 9.2.10.

The Court is not entirely convinced that DOE is subject to all of the provisions of the Guam Procurement Law, to include Article 9, and thus, that its procurements, procurement protests, or decisions of the Director of Education regarding procurement protests are subject to review by the Public Auditor. The implication of the DOE's Procurement Regulations is that judicial review should be sought directly from an adverse decision of the Director of Education regarding a procurement protest, with no involvement of the Public Auditor.

Despite excluding any reference to the Public Auditor, or review by the Public Auditor, DOE's Procurement Regulations do reference the applicability of 5 GCA § 5480 to judicial review, stating:

A solicitation of award may be in violation of the law due to actions of DOE employees, bidders, offerors, contractors, or other persons. After consultation

with the Attorney General, the Director of Education may determine that a solicitation or contract award in in violation of the provisions of the Guam Procurement Act and the DOE Procurement Regulations. Similarly, after consultation with the Attorney General, the Director of Education may determine that a solicitation or award violates Chapter 11 (Ethics in Public Contracting) of the Guam Procurement Act or regulations promulgated thereunder. Any such determination shall be made in writing after an opportunity to be heard is given, and *such determination is subject to appeal. The courts designated in Section 5480 (Waiver of Sovereign Immunity in Connection with Contracts) of the Guam Procurement Act, may find that a solicitation or award is in violation of the law.*

DOE Procurement Regulations, Chapter 9, Legal and Contractual Remedies, Section 9.5.2. (emphasis added).

The DOE Procurement Regulations later adopt 5 GCA § 5480(a) almost wholesale, with one minor difference:

> The Superior Court of Guam shall have jurisdiction over an action between *the Department* and a bidder, offeror, or contractor, either actual or prospective, to determine whether a solicitation or award of a contract is in accordance with the statutes, regulations, and the terms and conditions of the solicitation. The Superior Court shall have such jurisdiction in actions at law or in equity, and whether the actions are for monetary damages or for declaratory, or other equitable relief.

DOE Procurement Regulations, Chapter 9, Legal and Contractual Remedies, Section 9.9.1. (emphasis added).

Thus, assuming that 5 GCA §§ 5480(a), and 5707(a) (which merely refers back to 5480(a)) control the method through which the "Appellant" may appeal a final decision regarding a procurement protest from DOE, it is apparent that the Appellant has not met the jurisdictional prerequisites to obtain judicial review. In this case, the Appellant is seeking judicial review of its protest of DOE's failure to quickly select a most qualified offeror for the IFB. Under the statutes cited by the Appellant, Guam's Procurement Law provides a specific method for obtaining judicial review of a procurement protest on an IFB issued by the Territory of Guam.

Pursuant to 5 GCA § 5425, any bidder, offeror, or contractor who may be aggrieved with the method of source selection or solicitation of a contract may protest to the Director of the DOE. 5 GCA § 5425(a). Under 2 GAR, Div. 4, § 3101(8), the term "solicitation" includes an "Invitation for Bids." 2 GAR, Div. 4, § 3101(8). Accordingly, 5 GCA § 5425 and any related statutes referencing the term "solicitation" apply to both bids and proposed bids. In this case, the Appellant disagreed with the failure to quickly select anyone as the most qualified offeror for the IFB, and therefore, filed a protest with DOE, possibly under 5 GCA § 5425(a).

When a protest is not resolved by mutual agreement, DOE must promptly issue a written decision stating the reason for the action taken and informing the protestant of the right to administrative and judicial review. 5 GCA § 5425(c); and DOE Procurement Regulations, Chapter 9, Legal and Contractual Remedies, Section 9.2.7. DOE issued written decisions regarding the action just under three months after the filing of the protest. In the Appeal of Town House, Special Proceedings Case No. SP0050-11, Complaint and Appeal of Decision by the Office of the Public Auditor, p. 4, ¶ 17.

Under 5 GCA § 5425(c) (if applicable), within fifteen (15) days of receipt of the adverse decision of the DOE a protestant is required to file an appeal with the Public Auditor. 5 GCA § 5425(e). The Appellant followed these statutes and filed an appeal with the Public Auditor on November 28, 2010. In the Appeal of Town House, Special Proceedings Case No. SP0050-11, Complaint and Appeal of Decision by the Office of the Public Auditor, p. 4, ¶ 19.

After some interesting procedural matters the Public Auditor issued a "Decision" on the entire matter on March 7, 2011. Id., Exhibit A, In the Appeal of Town House Department Stores, Inc., dba Island Business Systems and Supplies, OPA-PA-10-010, Decision, (March 7, 2011). Pursuant to 5 GCA § 5425 (f), this decision is final unless a protestant "commences an

action in the Superior Court in accordance with subsection (a) of §5480 of this Chapter." 5 GCA § 5425(f).

Tellingly, 5 GCA § 5480 is entitled, "Waiver of Sovereign Immunity in Connection with Contracts," indicating that this particular section concerns suits permitted to be filed against the Territory of Guam, and subsection (a) states:

> (a) Solicitation and Award of Contracts. *The Superior Court of Guam shall have jurisdiction over an action between the Territory and a bidder, offeror, or contractor,* either actual or prospective, to determine whether a solicitation or award of a contract is in accordance with the statutes, regulations, and the terms and conditions of the solicitation. The Superior Court shall have such jurisdiction in actions at law or in equity, and whether the actions are for monetary damages or for declaratory, or other equitable relief.

5 GCA § 5480(a) (emphasis added).

According to this statute, a protestant must file an action for monetary damages, declaratory relief, or other relief, *against the Territory of Guam* in order to give the Superior Court jurisdiction to review a dispute over whether a bid solicitation was in accordance with the law, and the Territory only waives sovereign immunity in conjunction with a bid solicitation when these requirements are met. 2 GAR, Div. 4, § 9108(a)(1) reiterates this requirement, along with Section 9.9.1 of the DOE Procurement Regulations. Additionally, under subsection (c) of this statute, the Superior Court has jurisdiction to grant the civil remedy of injunctive relief against the Territory. 5 GCA § 5480(c); *see, e.g.,* 7 GCA §§ 20301–20305 (injunctive relief may be had by filing a complaint in a civil action).

The relief afforded under 5 GCA § 5480 is in the form of a civil action for ordinary relief, rather than a special proceeding affording extraordinary relief, as provided through writs or other special proceedings. *Compare* 7 GCA §§ 20301–20305; and 7 GCA § 26801 (2005) *with* 7 GCA §§ 30102, 31102, 31203; and 31215; *accord* <u>In re Dep't of Agriculture v. Civil</u>

Service Commission, 2009 Guam 19 ¶ 9 (mandamus is an extraordinary remedy); Carlson v. Perez, 2007 Guam 6 ¶¶ 66, 70 (issuance of writ of mandate is an extraordinary remedy); and Duque v. Superior Court of Guam, 2007 Guam 15 ¶¶8, 13–21, (writs are extraordinary, and will not lie where an ordinary civil remedy may be sought through a regular civil action).

Revealingly, in Duque, the Supreme Court of Guam found that a special proceedings action requesting the extraordinary relief of a writ of prohibition could not be maintained where the petitioner could have maintained a regular civil action requesting the plain, regular remedy of an injunction. Id. at ¶¶18–20. "'Our Supreme Court continues to adhere strictly to the principle that the extraordinary writs of prohibition and mandamus *are not available where an adequate remedy exists in the ordinary course of law, either legal or equitable.*'" Id. at ¶ 18 (quoting Agricultural Services, Inc. v. City of Goodirzg, 818 P.2d 331, 333-34 (emphasis added)). Because the Petitioners could have sought regular injunctive relief through a civil taxpayer action, a special proceedings action was unnecessary. Id. at ¶ 13.

Again, in Carlson, the Supreme Court of Guam found that judicial review need not be obtained through the mechanism of a special proceedings action. In finding that a general civil action might suffice to provide judicial review, the court contrasted the type of judicial review available under a special proceeding writ of mandamus, and the type of judicial review available in a worker's compensation action under 22 GCA § 9122, which directs that a party obtains judicial review by filing a regular civil action requesting injunctive relief. Carlson, 2007 Guam 6 ¶¶ 58–59 (citing Fagan v. Dell'Isola, 2006, Guam 11 ¶ 12 n.5).

To further highlight the contrast between the "special" statutory actions, such as writs, and other general types of civil actions, the language of 7 GCA §§ 30102 and 31206 actually distinguishes between the procedure allowed in a general "civil action" and a special proceeding

by way of mandamus by allowing only certain specified civil definitions and modes of answer to be applied in a writ of mandamus proceeding. Thus, it is clear that a special proceedings action is not necessarily the proper method through which a party should seek judicial review in every case, and there is a difference between a special proceeding and a civil action requesting ordinary relief. Carlson, 2007 Guam 6 ¶¶ 58–59.

In fact, 5 GCA § 5480 allows judicial review only through an action seeking an ordinary civil remedy in law or equity, such as "monetary damages," "declaratory" relief, "other equitable relief," or "injunctive relief." 5 GCA § 5480(a) and (c).

5 GCA § 5480 (f) and 2 GAR, Div. 4, § 9108(a)(6) state that "[a]ll actions permitted by this Article [Section] shall be conducted as provided in the Government Claims Act." 5 GCA § 5480(f); and 2 GAR, Div. 4, § 9108(a)(6).

The so-named "Appellant" did not file a civil action in the Superior Court in accordance with 5 GCA § 5480(a), as directed under 5 GCA § 5425(f). Instead, the Appellant filed the "Complaint and Appeal of Decision by the Office of the Public Auditor" as a special proceedings case, labeled SP0050-11, which is currently before this Court. More importantly, the action fails to name the Territory of Guam or the Department of Education as the Defendant or Respondent, and in fact, names *no one* as the responding or defending party, not even the Public Auditor, *see* Carlson, 2007 Guam 6 ¶¶ 55 and 72 (failure to name CSC as a party in a Superior Court action "fatal to the claim that it was an appeal of the CSC decision."). Finally, the Appellant did not allege any compliance with the procedures set forth under the Government Claims Act, and it is entirely unclear whether the Appellant is requesting any of the relief permitted under 5 GCA § 5480(a) and (c).

The Court acknowledges that there could be confusion as to the specific method of obtaining judicial review of a decision of the Director of Education or the Public Auditor in a dispute concerning the solicitation of an IFB due to an apparent conflict between: (1) the provisions of 5 GCA § 5480(f), requiring that judicial review of a procurement protest be obtained through an action conducted as provided in the Government Claims Act; (2) the holding of Carlson, stating that an agency's specific legislation directing judicial review must be strictly followed in order to obtain judicial review; and (3) the holding of Pacific Rock Corp. v. Dep't of Education, 2000 Guam 19, stating that a party seeking judicial review of an administrative decision under the Guam Procurement Law "should not seek relief under the Government Claims Act," as would seem to be required under 5 GCA § 5480(f).  Id. at ¶¶ 16–19.

Despite these seeming inconsistencies, it appears to the Court that the Appellant was required to file a civil action requesting ordinary relief under 5 GCA § 5480, naming itself as the Plaintiff, and naming the Territory of Guam as the Defendant, and therefore, the Court does not have jurisdiction over this "special proceedings" action. As the Court has noted, 5 GCA § 5480 directs a protestant to seek ordinary civil relief in the form of a civil action in order to obtain judicial review in a procurement action.  Significantly, the holding in Pacific Rock also firmly directs a protestant to seek civil relief in the form of a civil action.  The Supreme Court of Guam's most important determination in that case was that "the Procurement Law at 5 GCA § 5001 et seq. is a comprehensive statute providing a mandatory scheme of administrative remedies including judicial relief," therefore, "it is the statute which, upon compliance with procedure, satisfies the jurisdictional prerequisite to commencing an action against the

Government of Guam at the Superior Court." Pacific Rock Corp., v. Dep't of Educ., 2000 Guam 19 ¶ 26.

Although the court used broad language to renounce the practice of filing a government claim in order to obtain judicial review of a procurement protest, the Pacific Rock decision is distinguishable from this case in three ways. First, the holding in Pacific Rock specifically addressed judicial review of a protest "arising out of contracts entered into under the Procurement Law," as under 5 GCA §§ 5427, 5706, and 5707. Id. (emphasis added). Because no contract has been entered under the Guam Procurement Law, particularly, no contract arising under 5 GCA §§ 5427, 5706, and 5707 has been entered in this case, the holding of Pacific Rock does not address the facts presented in this case and addresses only some of the applicable laws.

More significantly, no administrative appeal to the Public Auditor was ever filed by the appellee in Pacific Rock. Id. at ¶ 10. Instead, the Pacific Rock court found that the Superior Court prematurely assumed jurisdiction over the matter under the Government Claims Act when it wrongly concluded that a "letter from the Attorney General's office was the final decision required under the Procurement Law to start the running of the limitations period under the Claims Act." Id. at ¶11. In the Pacific Rock case, the ability to file a civil action in the Superior Court was never triggered, as the appellee failed to timely follow the mandates of 5 GCA § 5427 and 5 GCA § 5481 in order to confer jurisdiction to the Superior Court. Id. at ¶ 28. Accordingly, the appellee failed to fully comply with the mandates of 5 GCA § 5001, et seq., stripping the Superior Court of jurisdiction to hear the matter. Conversely, in this case, an appeal was filed with the Public Auditor, a final decision was issued by the Public Auditor in accordance with 5 GCA § 5425(c), and the time period under which to file a civil action as

required by 5 GCA § 5480 was triggered under 5 GCA § 5481(a), possibly giving the Superior Court jurisdiction over a civil action, if one had been filed by the Appellant (and if decisions of the Director of Education regarding procurement protests are subject to review by the Public Auditor).

Finally, it seems that the Supreme Court of Guam struck only the practice of filing an actual government claim in order to seek judicial review, specifically stating: "a party who seeks judicial relief from an administrative action taken pursuant to the Procurement Law *should not seek relief under the Government Claims Act*." Pacific Rock Corp., 2000 Guam 19 at ¶ 19 (emphasis added); and ¶ 10 (appellee filed both an administrative claim and suit under the Government Claims Act). The Supreme Court reasoned that its prior rulings requiring a litigant to pursue a government claim resulted in litigants being forced to "twice seek administrative relief;" once under the Guam Procurement Law, and once again under the Government Claims Act, which was contrary to the stated purpose of 5 GCA § 5001, *et seq.* Id. at ¶¶ 15–18.

This Court finds that the provisions of 5 GCA § 5480(f) can be harmonized with the ruling in Pacific Rock, because the plain language of 5 GCA § 5480(f) does not necessarily require a protestant to file an actual government claim, but merely directs the protestant to proceed with an action "at law or in equity," for "monetary damages or for declaratory or other equitable relief," 5 GCA § 5480(a), which shall "be conducted *as* provided under the Government Claims Act." 5 GCA § 5480(f) (emphasis added). The legislature's use of the word "as" lends itself to the interpretation that no Government Claim need be filed, rather, only the procedural aspects of the Government Claims Act need be followed in order to put the

Territory of Guam on notice that a party plans to bring suit against it. This interpretation is consistent with a pertinent Compiler's comment to this code section, stating:

> The MPC is changed again to follow the Government Claims Act with respect to the procedure required in actions against the government. Since this Section allows suits in certain specified cases, obviously claims need not first be filed with the Attorney General, but at least the same court procedure must be followed.

5 GCA § 5480, Comment of the Compiler of Laws.

Although compiler's notes are not law, they are often helpful in interpreting the legislature's intent in enacting a code section, and in this case, the Compiler's comment is in accord with the holding of Pacific Rock, and the particular language of 5 GCA § 5480(f). Accordingly, a party may follow the mandates of 5 GCA § 5001, *et seq.*, without violating the holding of Pacific Rock by properly filing a civil action against the Territory of Guam which follows the notice requirements and procedural posture of a government claim under 5 GCA § 5480(a) and (f).

Because Pacific Rock is distinguishable based on the lack of an awarded contract in this case, and the appellee's failure to file an administrative appeal to the Public Auditor before filing an actual government claim in the Pacific Rock case, this Court finds that 5 GCA § 5480, in its entirety, is applicable to this case under the holding in Carlson, and the Appellant was required to file a civil action, following the procedural posture of the Government Claims Act without filing a Government Claim, in order to receive judicial review of its protest of the method of bid selection. 5 GCA § 5480(a) and (f) (2005).

More important to this Court's analysis is the determination that even if the Court were to find Pacific Rock controlling in this case, the Pacific Rock court intentionally and specifically did not rescind the requirement that a party seeking judicial relief is required to

follow the procedural mandates of 5 GCA § 5001, *et seq.* Pacific Rock Corp., 2000 Guam 19 ¶ 26. In its most general reading, the holding of Pacific Rock stated only that a party seeking judicial review should not proceed under the Government Claims Act, thereby possibly voiding the provisions of 5 GCA § 5480(f) and 2 GAR, Div. 4, § 9108(a)(6). The Pacific Rock court did not hold that a protestant should never file a civil action as required under 5 GCA § 5480(a). In fact, the Supreme Court of Guam held the opposite, reiterating that the Superior Court has jurisdiction over an action between the government and a bidder or contractor under 5 GCA § 5480, and reaffirming that a protestant must proceed as directed under these statutes in order to obtain judicial review. Id. at ¶¶ 18 and 26. Accordingly, the provisions of 5 GCA § 5480(a) were not affected by the holding in Pacific Rock, and still operate to require that a protestant file a civil action against the Territory of Guam requesting monetary, declaratory, injunctive, equitable or other civil relief in order to obtain judicial review.

Accordingly, whether or not Pacific Rock is read as repealing the requirement that a litigant proceed pursuant to the Government Claims Act, even in the situation presented in this case, where no contract has yet been awarded, and an appeal to the Public Auditor was filed, 5 GCA § 5480(a) has not been superseded by the Pacific Rock decision, and the Appellant was required to file a civil action against the Territory of Guam in order to give the Superior Court jurisdiction over its claims. Consequently, the Court finds that the Appellant has not complied with the "mandatory scheme of administrative remedies" provided under 5 GCA § 5001, *et. seq.*, in order to satisfy "the jurisdictional prerequisite to commencing an action against the Government of Guam at the Superior Court." Pacific Rock Corp., 2000 Guam 19 ¶ 26.

In order to designate the action as a civil action, and receive a new case number, in keeping with the Court's categorical and chronological manner of assigning case numbers, the

Appellant is required to file a new case and dismiss the incorrectly filed Special Proceedings Case No. SP0050-11. In any case, the "Appellant" would be required to dismiss the special proceedings action upon the filing of the new civil action with the same underlying cause, i.e., the request for review of the Public Auditor's final decision regarding procurement or bid solicitation. As: (1) the current case would be subject to dismissal upon the filing of a new civil action case; (2) the Appellant is required to name the Territory of Guam as the Defendant, and provide notice to allow waiver of sovereign immunity; and (3) this case has lingered on the docket of the Superior Court of Guam for almost one year without correction; the Court dismisses SP0050-11 without prejudice, so that the "Appellant" will properly file a civil action pursuant to 5 GCA § 5001, *et. seq.*, and 5 GCA § 5480, naming itself as the Plaintiff, and naming the Territory of Guam as the Defendant, and providing notice as required under the Government Claims Act, if this is still possible.

Without finding that the Appellant's action in seeking review from the Public Auditor was proper or appropriate, the Court finds that a bidder seeking judicial review of a decision regarding the propriety or legality of a contract solicitation is required to follow the procedure set forth in the Guam Procurement Law at 5 GCA § 5480. *See* DOE's Procurement Regulations, Chapter 9, Legal and Contractual Remedies, Sections 9.5.2. and 9.9.1. The Appellant has failed to properly pursue its legal remedies under the Guam Procurement Law by filing a civil action requesting ordinary civil relief against the Territory of Guam. Further, it is not apparent that the Territory of Guam has waived sovereign immunity upon receiving proper notice of any action against it, as under 5 GCA § 5480(f). Accordingly, the Appellant has failed to meet its burden to show that it has met the jurisdictional prerequisites to seeking judicial

review of the method of proposal selection and solicitation, and the "Complaint and Appeal" filed by the "Appellant" must be dismissed.

## CONCLUSION

After considering the "Complaint and Appeal" filed, the Court finds that it does not have jurisdiction over this action as a special proceeding which does not name the Territory of Guam as a defendant. Based upon the foregoing, the "Complaint and Appeal of Decision by the Office of the Public Auditor" is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED** this ___04|03|12___ .

_____
HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam